

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00577-CV

_____

BRENDA K. STOKER, Appellant

V.

KORATTYMUTHY, LLC AND SIJO JOSE, Appellees

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-007649-1

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Brenda K. Stoker,[1] proceeding pro se, attempts to appeal the trial court's judgment in a forcible detainer suit in which the trial court ordered that Appellees Korattymuthy, LLC and Sijo Jose were entitled to possession of certain real property in Tarrant County. However, the trial court clerk has informed this court that the writ of possession issued in this case was executed on November 19, 2025—after Appellant filed her notice of appeal—and that Appellant is therefore no longer in actual possession of the property at issue in this appeal.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). An appeal in a forcible detainer case becomes moot when the appellant vacates the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787. When a case becomes moot on appeal, we must dismiss the case. *See id.* at 790.

We notified Appellant that we were concerned that this appeal should be dismissed because it appears to be moot. We warned her that this appeal could be dismissed for want of jurisdiction unless she filed a response showing grounds for

---

[1]Some of the pleadings and filings in the trial court, including the judgment, identify Appellant as "Brenda K Stocker." However, in her original answer—and on appeal—Appellant identifies herself as "Brenda K. Stoker" and asserts that she was "incorrectly named as Brenda K. Stocker . . . in plaintiffs['] filings."

continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant filed a response, but it does not show grounds for continuing the appeal.[2]

Because Appellant is no longer in possession of the property and because she has not demonstrated that she holds a meritorious claim of right to current, actual possession of the property, we vacate the trial court's judgment and dismiss this appeal as moot. *See* Tex. R. App. P. 43.2(e); *Marshall*, 198 S.W.3d at 785, 790; *Johnson v. Seattle Bank*, No. 02-25-00278-CV, 2025 WL 2989768, at *1 (Tex. App.—Fort Worth Oct. 23, 2025, no pet.) (vacating judgment and dismissing appeal as moot because appellant was no longer in possession of property and had not presented any other basis for claiming right to current, actual possession).[3]

Per Curiam

Delivered: May 21, 2026

---

[2]In her response, Appellant asserts that "the legality of the dispossession remains directly in dispute." But a "[j]udgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction [wa]s wrongful." *Marshall*, 198 S.W.3d at 787. Appellant has not shown why this principle does not apply, and she has not presented any other basis for claiming a right to current, actual possession of the property.

[3]Appellees have filed a motion for extension of time to file their brief. Given our disposition of this appeal, that motion is denied.